ELEANOR CHAPMAN, PLAINTIFF-APPELLEE, v. HARRY BURNS, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided June 21, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *Samuel H. Nelson.*

For the plaintiff-appellee, *David Weinick.*

PER CURIAM.

The only errors argued in the appeal from a judgment in favor of the plaintiff in an action growing out of a cross road accident is the failure to charge the following requests: "7. If the highway upon which plaintiff's automobile was approaching the intersection was a 'stop street' at the intersection in question, then the driver of plaintiff's vehicle was under obligation to use great care in crossing the intersection. 9. If you should decide against the plaintiff in this case, that does not mean that the plaintiff is without further relief, as she may still recover against the driver of the automobile wherein she was a passenger, if said driver was negligent."

As to request No. 7, the argument seems to be that the defendant could use less care because the driver of plaintiff's car must use great care. It is said, the *quantum* of care required of the operator of the vehicle wherein the plaintiff was a passenger determined relatively the *quantum* or degree of care that the defendant was under obligation to use. The defendant's obligation was to use that degree of care as was commensurate with the risk of danger. *Senofsky* v. *Frecker, Atl. Rep.* 797. On the issues as framed the negligence of the driver of the car in which plaintiff was riding would not bar her recovery if her injuries were the natural and proximate result of defendant's negligence. It, therefore, seems that any charge as to the care required from the driver of the car in which plaintiff was riding would have been improper. The trial court made it perfectly clear that liabilty must rest upon proof that the defendant failed to exercise a degree of care commensurate with the risk of danger. Beyond that he was not obliged to go.

As to the ninth request, we need only say it was properly refused. A trial court is concerned only with the law of the case before it, and has no knowledge as to what may occur in another action to be thereafter commenced.

The judgment is affirmed.